## HALSTEAD ET AL v. STATE OF INDIANA.

No. 25,127.    Filed March 18, 1927.    Rehearing denied July 1, 1927.

1. AUTOMOBILES.—*Prosecution for taking motor of automobile may be made under "Vehicle Taking Act" although car would not run.*—The fact that, at the time the motor of an automobile was taken from the car, the machine could not be operated because some of the necessary parts had been removed, would not preclude a prosecution for

such taking under what is known as the "Vehicle Taking Act" (§2460 Burns 1926, Acts 1921 p. 494).   p. 399.

2.  CRIMINAL LAW.—*Instruction that accused could not be convicted of larceny in prosecution for vehicle taking properly refused.*—In a prosecution under the "Vehicle Taking Act" (§2460 Burns 1926, Acts 1921 p. 494) for taking a motor from an automobile, an instruction was properly refused which informed the jury that the defendants could not be convicted of larceny, as they must have been convicted or acquitted of the offense charged and of no other.   p. 400.

From Monroe Circuit Court; *Herbert A. Rundell,* Judge.

George Halstead and Karsell Barrow were convicted of violating the Vehicle Taking Act, and they appeal. *Affirmed.*

*John F. Regester,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

GEMMILL, C. J.—This is an appeal from the Monroe Circuit Court in a cause in which the appellants were prosecuted and convicted of a violation of the vehicle taking act.   §1, ch. 189, Acts 1921, §2301c Burns' Supp. 1921, §2460 Burns 1926.   The affidavit consisted of three counts, and they were found guilty on count two, which, omitting the formal parts, is as follows: "Affiant (J. E. Darby) being duly sworn further says that one Karsell Barrow and George Halstead, late of said County and State, on the 17th day of February, 1925, at and in the County and State aforesaid, did then and there unlawfully without the consent of the owner thereof, take, haul carry and drive away the motor, then and there being an accessory and appurtenance contained in and forming a part of an automobile operated by explosive power to wit:   a Ford Roadster with a truck bed, the property of Fred Todd, of the value of $25.00, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

They assign as error that the court erred in overruling their motion for a new trial. A second assignment of error is included in the one stated.

From the evidence, the following facts appear: A Ford automobile, belonging to Fred Todd, was stolen in Greencastle, on February 9, 1925. On February 16, 1925, one Frank Holland found same, with some parts missing, on a farm of which he had charge, about five miles north of Bloomington. The automobile was located in a woods about one-eighth of a mile from a public highway. When found by him, it could not have been operated by explosive power. The next day, he saw it again and ascertained that more parts had been removed. Upon notifying the sheriff, a deputy sheriff was sent with him to the place where it was located. When they arrived, they found that the motor had recently been removed from the automobile, but had not been taken away. A few minutes later, the appellants loaded the motor and some other parts of the stolen automobile in an automobile in which they had come, and started to the road. When they reached the road, they were detained until the arrival of the sheriff, who arrested them. Some other parts of the automobile were found about fifty feet away in a hollow log and behind the log. One of the appellants testified that one Charles Sanders had employed him to go out and get the motor out of the car and deliver it to him in Bloomington. After their arrest, they attempted to locate Sanders in Bloomington and also in Bedford, but did not find him.

Part of the vehicle taking act reads as follows: "That whoever unlawfully without the consent of the owner takes, hauls, carries or drives away any vehicle, automobile, car truck, aeroplane or airship operated by electricity or steam or explosive power, or any accessory or appurtenance contained in, on, or forming a part thereof, of the value of twenty-five dol-

lars ($25) or more, . . . shall be guilty of the crime of vehicle taking. . . . ." Appellants contend that as the automobile could not be operated by explosive or other power at the time the motor was taken, they were not guilty of the crime of vehicle taking; and that if any crime was committed by them in taking the motor, same was larceny. Appellants' theory cannot be adopted. The motor formed part of an automobile constructed so as to be operated by explosive power. The fact that some of the necessary parts had been removed and it could not be operated at that time did not take it out of the class of vehicles named in the act, under which appellants were prosecuted. In *Studebaker Corporation of America* v. *Silverberg* (1923), 199 N. Y. Supp. 190, the court said it is a matter of common knowledge that even new automobiles get out of running order occasionally. The effect of construing the law as contended for by appellants would be to make it a nullity as to many vehicles which, without doubt, were intended to be covered by same. Under their interpretation of said statute, it would not be possible to prosecute a defendant for its violation for the theft of a new or any automobile, if same, at the time of taking, should be temporarily disabled and could not be operated. The intention of the law is evident. It must be held that the prosecution of the appellants under the vehicle taking act was proper and that there was sufficient evidence to sustain the verdict. It does not appear that the verdict was contrary to law.

Error is claimed because the court refused to give an instruction tendered and requested by the defendants, which stated that there could not be a conviction of larceny under the charge as filed. The statement was true but the instruction was not necessary. The accused in the instant case were guilty of the offense charged, or were not guilty at all. The court in-

structed the jury as to the crime of vehicle taking and this court is not asked to review any of those instructions. In 1 Randall, Instructions to Juries 254, §133, the following is said: "In a criminal case the court should only submit to the jury the law applicable to a state of facts that is pertinent to the allegations of the indictment or information, and instructions which authorize a conviction or an acquittal of an offense other than that charged in the indictment are erroneous, and are properly refused, although the evidence is such as would warrant the jury in finding the defendant guilty of another offense than that alleged." The court did not err in refusing to give the requested instruction.

No reversible error appearing, the judgment is affirmed.