**Joseph SIMPSON, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

March 25, 1971.

Richard Allen Paul, Asst. Public Defender, Wilmington, for appellant.

Fletcher E. Campbell, Jr., Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from a conviction of sodomy in violation of 11 Del.C. § 831. Prior to trial the accused filed a motion for a bifurcated trial; that is, a trial by jury as to the question of guilt and a second trial in the event of a finding of guilty before a second jury as to whether the defendant should be found innocent by reason of mental illness. The motion for a bifurcated trial was denied and the case went to trial before one jury.

There was evidence to show the facts to be that the defendant picked up the prosecuting witness who was returning from school on a rural highway in New Castle

County and took him to an isolated area where he forced him to perform an act of oral sodomy upon him.

The sole issue raised in this appeal is whether error was committed in denying the defendant a bifurcated trial.

 Generally speaking, there is nothing unconstitutional about a bifurcated trial of a defendant. That is to say, a plea of insanity may constitutionally be tried separately from a plea of not guilty. 21 Am.Jur.2d, Criminal Law § 47. The converse, however, is not true; that is, there is no constitutional right to have a bifurcated trial upon the issue of not guilty and upon the issue of not guilty by reason of mental illness. Whether or not such a trial is to be allowed lies within the sound discretion of the trial judge. Holmes v. United States, 124 U.S.App.D.C. 152, 363 F.2d 281 (1966); Parman v. United States, 130 U.S.App.D.C. 188, 399 F.2d 559 (1968); Contee v. United States, 133 U.S.App.D.C. 261, 410 F.2d 249 (D.C.Cir.1969) and People v. Wein, 50 Cal.2d 383, 326 P.2d 457 (1958) cert. denied 358 U.S. 866, 79 S.Ct. 98, 3 L. Ed.2d 99. None of the foregoing cited cases hold that a defendant has a constitutional right to a bifurcated trial, but rather that he may apply to the discretion of the trial judge and ask for a bifurcated trial. Indeed, no decision has been called to our attention holding that a defendant has a constitutional right to have his trial tried in two parts, one upon the issue of guilt and one upon the issue of mental illness.

This being so, we see no reason to hold other than that an application for a bifurcated trial is always made to the sound judicial discretion of the trial court. We think there is no showing in the record before us of any reason to move the discretion of the trial judge to bifurcate the trial of this defendant. We note that while medical testimony was adduced in his behalf to the effect that he had a schizoid personality disorder with mental deficiency, the State, on the other hand, produced medical testimony to the contrary. Furthermore, the defense of not guilty by reason of mental illness was not raised until after the State had rested its case.

Under the circumstances, we think the trial judge did not abuse his discretion in denying a bifurcated trial to this defendant, and in submitting both the issue of guilt and of the defense of mental illness to the same trial jury. We think there was no error committed and, accordingly, we refuse to remand for a new trial.

The conviction below is affirmed.