RUSSELL LEE BROWN *v.* STATE OF INDIANA.

[No. 572A228. Filed August 17, 1972.]

*Harold W. Myers*, of Fort Wayne, for appellant.

*Theodore L. Sendak*, Attorney General, *Stephen J. Cuthbert*, Deputy Attorney General, for appellee.

HOFFMAN, C.J.—The primary issue presented by this appeal is whether the crime of obtaining or exerting unauthorized control over a vehicle (IC 1971, 35-17-5-9, Ind. Ann. Stat. § 10-3036 (Burns 1972 Cum. Supp.)), is a lesser included offense of theft (IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns 1972 Cum Supp.)), when the offense charged is theft of an automobile.

The pertinent facts are contained in the record before us as follows:

At approximately eight o'clock p.m., on September 1, 1967, Aaron Hugenard called the South Bend Police Department to report that his car had disappeared from the parking lot where he had left it. Between nine and ten o'clock p.m. the

same evening the missing car, being driven by the defendant, was stopped by two patrolmen of the South Bend Police Department. The defendant was taken to the police station where he was placed under arrest. On the following day the defendant gave a statement to the police admitting driving the car but stating that he had been given the keys by a man in a bar.

The defendant was charged by affidavit with theft of an automobile. Trial was to a jury which found the defendant guilty, and the defendant was sentenced to the Indiana State Prison for a period of not less than one nor more than ten years. The timely motion to correct errors filed by defendant was overruled and this appeal followed.

On appeal, one of the issues preserved by the defendant is whether § 10-3036, *supra,* obtaining or exerting unauthorized control over a vehicle, is a lesser included offense of § 10-3030, *supra,* theft when the crime charged by the affidavit is theft of an automobile.

The applicable statutes are IC 1971, 35-1-39-1, Ind. Ann. Stat. § 9-1816 (Burns 1956), which provides:

> "Verdict—Different degrees.—Upon an indictment or affidavit for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or affidavit, and guilty of any degree inferior thereto or of an attempt to commit the offense.";

and IC 1971, 35-1-39-2, Ind. Ann. Stat. § 9-1817 (Burns 1956), which provides:

> "One offense included in another.—In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or affidavit."

In *Watford* v. *State* (1957), 237 Ind. 10, at 15, 143 N. E. 2d 405, at 407, it is stated:

> "The test for included offenses under § 9-1817, *supra,* is ably stated in *House* v. *State* (1917), 186 Ind. 593, 117 N. E. 647, and reaffirmed in *Bryant* v. *State* (1933), 205 Ind. 372, at page 378, 186 N. E. 322, as follows:

" '. . . to be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater without first having committed the lesser. This being true, the court is compelled to hold that if a party is charged with a given crime, he can not be convicted of another crime of lesser magnitude under the provisions of Section 2148, *supra,* [§ 9-1817, Burns' 1956 Replacement], unless a conviction of the crime charged necessitates proof of all the essential elements of the lesser offense, together with the added element which makes the difference in the two offenses.' " See also: *Hobbs* v. *State* (1969), 253 Ind. 195, 199, 252 N. E. 2d 498.

The above quoted statutes were also referred to in *Sullivan* v. *State* (1957), 236 Ind. 446, at 450-451, 139 N. E. 2d 893, at 895, as follows:

"The application of these statutes is not as easy as it might at first appear. The difficulty arises in those cases where from the allegation of the offense charged there may or may not be a lesser offense included by reason of the wording of the charge. It is quite apparent in a charge of homicide where death is alleged to have been caused by poisoning, that such a charge would not include a lesser offense of assault and battery. We must look to the wording of the offense charged in each case for a determination of what lesser offenses, if any, are included therein."

In the instant case, the defendant was charged by affidavit with the theft of an automobile. The theft statute, § 10-3030, *supra,* reads, in pertinent part, as follows:

"Theft in general.—A person commits theft when he (1) knowingly:

(a) obtains or exerts unauthorized control over property of the owner; * * * and

* * *

"(2) * * *

(a) intends to deprive the owner of the use or benefit of the property; * * *."

Section 10-3036, *supra,* provides:

"Obtaining or exerting unauthorized control over a vehicle.—A person commits a crime when he: (1) knowingly obtains or exerts unauthorized control over the vehicle of the owner under circumstances not amounting to theft; * * *."

The affidavit by which the defendant was charged, in pertinent part, states:

"That on or about the 1st day of September, 1967, at and in the County of St. Joseph, State of Indiana, one RUSSELL LEE BROWN did knowingly obtain or exert unauthorized control over property of the owner, to-wit: a certain 1967 Chevrolet Camero convertible automobile, Serial No. 124677N204588, valued at approximately Three Thousand ($3,000.00) Dollars, the property of one AARON H. HUGENARD, intending to deprive the said owner permanently of the use and benefit of said property, in that he, the said RUSSELL LEE BROWN did take and drive away said automobile, without the knowledge or consent of said owner, while it was then and there parked in the One Hour Parking Lot, 200 block of South Main Street, in the City of South Bend, County and State aforesaid, contrary to the form of Statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The defendant could not possibly be guilty of theft under § 10-3030, *supra,* as charged by the above affidavit without also being guilty of obtaining or exerting unauthorized control over a vehicle under § 10-3036, *supra.* Therefore, because the defendant was charged with the theft of property, to-wit: an automobile, obtaining or exerting unauthorized control over that automobile was a lesser included offense of the offense charged. On the basis of *Sullivan* v. *State, supra,* and the statutes hereinabove quoted, we are constrained to hold that the trial court committed reversible error in refusing to instruct the jury on the elements of the lesser included offense.

The judgment of the trial court is reversed and this cause remanded to the trial court for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded.

Sharp and Staton, JJ., concur.

NOTE.—Reported in 286 N. E. 2d 201.