GEORGE PAUL HESTER *v.* STATE OF INDIANA.

[No. 473S70. Filed August 15, 1974.]

*Donald D. Chiappetta* Muncie, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged with Murder in the First Degree (felony murder), Burns Ind. Ann. Stat. § 10-3401, IC 35-13-4-1, Acts of 1941, ch. 148, § 1. He entered pleas of not guilty and not guilty by reason of insanity, was found guilty as charged and sentenced to life imprisonment. His appeal presents four issues:

(1) Was the defendant entitled, as a matter of right, to a bifurcated trial on the two pleas?

(2) Is the felony or attempted felony alleged in a charge of felony murder a lesser included offense of the murder charge?

(3) Did the trial court err in overruling the defendant's objection to the admission into evidence of the murder weapon, said objection being predicated upon an insufficient showing of the chain of custody?

(4) Were the custodial security measures imposed upon the defendant during the voir dire examination of the prospective jurors so prejudicial as to require the discharge of the panel?

We answer all of the foregoing questions in the negative and affirm the trial court.

\* \* \*

The defendant and two companions drove from Anderson to Muncie for the purpose of robbing a retail business house which the defendant had selected. They parked some distance from and out of sight of the business house. Defendant, who had a gun, alighted from the automobile and returned a short time later carrying a paper sack identifying the business house and containing a large sum of money. A short time later, the clerk in charge of the business house was discovered dead in the establishment, having been shot to death. A youth who was in the store immediately prior thereto, saw the defendant in the store at that time and also saw him, with a sack, run across a field in back of the store, enter an automobile containing two other men and ride away. The youth also identified the automobile in which the defendant and his companions were apprehended a short time later, as being the same automobile he saw the defendant enter. The de-

fendant's role in the robbery as above related was also verified by his two companions.

ISSUE I. Defendant filed a motion for a bifurcated trial upon the two pleas and gave as the reason therefor that it would be the defendant's contention that he did not remember what occurred at the time of the alleged offense.

This is a case of first impression in this state, and although we perceive certain difficulties inherent in the conduct of trials wherein inconsistent or alternative defenses are available, we are aware of no case holding that there is a constitutional right to a bifurcated trial upon issues of "not guilty" and "not guilty by reason of insanity," although there have been holdings in other jurisdictions that two-stage trials may be proper in certain cases. *Commonwealth* v. *Bumpus* (1972), 362 Mass. 672, 290 N.E.2d 167, (since vacated by the U.S. Supreme Court, on other grounds, in view of *Ham* v. *South Carolina* (1973), 409 U.S. 524, 93 S. Ct. 848, 35 L. Ed. 2d 46) ; *People* v. *Speck* (1969), 41 Ill. 2d 177, 242 N.E.2d 208 ; *People* v. *Newbury* (1972), 53 Ill. 2d 228, 290 N.E.2d 592 ; *People* v. *Ford* (1968), 39 Ill. 2d 318, 235 N.E.2d 576 ; *State* v. *Forcella* (1968), 52 N.J. 263, 245 A.2d 181, (judgment *rev'd sub nom.*, *Funicello* v. *New Jersey* (1971), 403 U.S. 948, 91 S. Ct. 2278, 29 L. Ed. 2d 859, insofar as it imposes the death penalty) ; *Simpson* v. *State* (Del. 1971), 275 A.2d 794.

Several states have statutes authorizing bifurcated trials, but they are not mandatory and the granting of a motion for such lies within the sound discretion of the trial court. *People* v. *Wells* (1949), 33 Cal. 2d 330, 202 P.2d 53; *Bennett* v. *State* (1883), 57 Wis. 69, 14 N.W. 912; *Castro* v. *People* (1959), 140 Colo. 493, 346 P.2d 1020.

Our rules of procedure would authorize a bifurcated trial upon such issues, in a proper case. Our Trial Rules 42 (B) (C) are as follows :

"(B) Separate trials. The court in furtherance of convenience or to avoid prejudice, or when separate trials will

be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury.

"(C) Submission to jury in stages. The court upon its own motion or the motion of any party for good cause shown may allow the case to be tried and submitted to the jury in stages or segments."

Our Criminal Rule 21 provides that the rules of trial and appellate procedure shall apply to criminal appeals so far as they are not in conflict with any specific rule of criminal proceedings.

The bifurcation of such trials, however, is not a "cure-all" of the problems arising in such cases. Indeed, the remedy itself may have side affects prejudicial to the defendant's cause. A recent Arizona statute requiring a bifurcated trial where a plea of not guilty by reason of insanity was asserted, unless good cause for a single trial be shown, was held unconstitutional in *State* v. *Shaw* (1970), 106 Ariz. 103, 471 P. 2d 715.

Looking to the procedural difficulty in administering bifurcated trials, the Arizona court noted that the trial court could not consider the evidence of insanity at the first trial and would thus be required to find intent solely from the circumstances connected with the offense. "* * * The first trial then would involve only proof that an act of a criminal nature had been committed, and that the defendant committed it. In effect, this gives rise to a presumption of intent, premeditation, or malice which runs counter to the common-law and constitutional concepts of criminal law. The second trial is limited solely to the question of legal insanity, the guilt of the defendant having already been determined. There is no provision, nor realistically could there be, to determine also intent, premeditation, or malice in reduction of the degree of the crime. Thus, the presumption raised in the first trial

becomes an irrebuttable presumption. Such a presumption is in violation of due process, * * *." 471 P.2d 724.

We hold that although a plea of insanity may be viewed as an admission of the commission of the criminal act and may in other ways ease the State's burden of proof, it does not, in the absence of other compelling circumstances, entitle a defendant to a bifurcated trial. We do not view the defendant's alleged reason for requesting the two-stage trial as a circumstance giving rise to probable and substantial prejudice such as required a variance from the established and normal single trial procedure.

ISSUE II. The defendant requested an instruction to the effect that the crime of robbery was a necessarily included lesser offense of which the jury could find him guilty. This instruction was refused. Also, an instruction was given over the objection of the defendant, advising that there were no degrees of the crime charged and that he must either be convicted of first degree murder or acquitted.

Under the evidence of this case, we think there was no error in refusing the defendant's tendered instruction and that the instruction charging that the defendant must either be found guilty as charged or acquitted was harmless error.

All of the State's evidence pointed to the guilt of the defendant as charged. In addition to the evidence previously related, a pistol was found hidden in the upholstery of the rear seat of the automobile while the defendant was arrested shortly after the robbery and slaying. The ballistics evidence was that two of the bullets found embedded in the deceased's body had been fired from that pistol. The only defense evidence was that of insanity, and the defendant's testimony was that he remembered nothing of the incident. There was, therefore, no evidence to which the included offense instruction was applicable. *Hash* v. *State* (1972), 258 Ind. 692, 284, N.E.2d 770; *Cole* v. *State* (1922), 192 Ind. 29, 134 N.E. 867. The jury was adequately instructed that the crime consisted

of two elements, i.e. the robbery and the killing and that to justify a conviction, it was essential that they find that the defendant did both. We cannot assume that they returned the guilty verdict without both of such findings.

In *McCutcheon* v. *State* (1927), 199 Ind. 247, 155 N.E. 544, the appellant objected to certain instructions having to do with second degree murder and manslaughter. This Court in affirming his conviction of first degree murder pointed out that there was no evidence adduced which proved anything but first degree murder (felony murder). A similar case was *Mack* v. *State* (1932), 203 Ind. 355, 180 N.E. 279, wherein this Court, quoting from *Cole* v. *State, supra,* said:

> " 'A jury might have power to stultify itself by returning a verdict contrary to what it knew to be the law * * *. But the court, when giving instructions, is not required to insult the jurors by a suggestion that they may do so.' " 203 Ind. at 370.

In view of decisions of this Court holding that one might be acquitted of a charge of automobile banditry and yet convicted of the collateral offense alleged in the charging affidavit or indictment (*Hatfield; West* v. *State* (1961), 241 Ind. 225, 171 N.E.2d 259), and their holdings that felony murder, although designated as first degree murder, does not carry with it charges of second degree murder or manslaughter (*Dull* v. *State* (1962), 242 Ind. 633, 180 N.E.2d 523; *Barker* v. *State* (1958), 238 Ind. 271, 150 N.E.2d 680), we are not prepared to say that there can be no conviction of the collateral crime alleged in a charge of felony murder. Should the affidavit or indictment and the evidence warrant a conviction of such collateral offense, an instruction with respect thereto would be proper. But in the case before us, all of the evidence before the jury was that the defendant committed the acts of robbery and murder upon the deceased and that he was guilty as charged, unless he was in fact of unsound mind at the time thereof. For the trial court to have instructed the jury that it could find the

defendant not guilty as charged but guilty of robbery, as a lesser included offense, would have been to suggest to them a compromise verdict. Although compromise verdicts doubtlessly are often forthcoming, they are not sanctioned in law and certainly should not be court induced.

ISSUE III. Immediately following the arrest of the defendant on February 11, 1971, the vehicle in which he was apprehended was confiscated by the police and taken to the police garage. It was there secured in an area of the garage generally accessible only to authorized personnel. On June 29, 1971 a police officer, acting upon information received from an accomplice, searched the vehicle and found the murder weapon hidden underneath the upholstery of the rear seat. It is the defendant's contention that the gun was inadmissible in evidence because the State failed to show that the vehicle was so protected between the custody date and the discovery date as to exclude the possibility that someone had surreptitiously gained access to the vehicle and there planted the weapon. "A mere possibility that the evidence could have been tampered with will not make it totally objectionable." *McMinoway* v. *State* (1973), 260 Ind. 241, 294 N.E.2d 803 at 805. *Kolb* v. *State* (1972), 258 Ind. 469, 282 N.E.2d 541; *Bonds* v. *State* (Ind. App. 1973), 303 N.E.2d 686; *Frasier* v. *State* (1974), 262 Ind. 59, 312 N.E. 2d 77. The State's showing of custody in this case was such as to render it highly improbable that the weapon admitted in evidence had been planted. The remote possibility of a "plant" could be argued and considered in determining what weight should be ascribed to the evidence, but it could not exclude it.

ISSUE IV. During the voir dire examination of the prospective jurors, the defendant moved that the entire panel be stricken or, in the alternative, that a mistrial be declared. In support of his motion, he asserted that the defendant had, in the presence of the prospective jurors, been surrounded by five uniformed policemen and that he had been escorted to

the men's public restroom by three armed guards in the presence of two of such prospective jurors. The motion was overruled, but the judge offered to interrogate the jurors to determine if the defendant had been prejudiced and to admonish them not to consider the display of police concern in reaching the verdict. The judge further assured the defendant that the guard action complained of would not be repeated.

The defendant has cited us to no authority in support of his contention that, under the circumstances complained of nothing short of the extreme action requested could assure him of a fair trial. Further, it is his burden to show that the error complained of was prejudicial. *Turner* v. *State* (1972), 259 Ind. 344, 287 N.E.2d 339; *Hitch* v. *State* (1972), 259 Ind. 1, 284 N.E.2d 783; *Wright* v. *State* (1958), 237 Ind. 593, 147 N.E.2d 551. Here, there has not been so much as a showing that the prospective jurors who allegedly were exposed to a prejudicial display were among the jurors who were ultimately selected and heard the case.

We find no reversible error. The judgment is affirmed.

Arterburn, C.J., Givan and Hunter, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DeBruler, J.—The statutes relating to conviction for included offenses provides as follows:

"Upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or affidavit, and guilty of any degree inferior thereto or of an attempt to commit the offense." IC 1971, 35-1-39-1, being Burns § 9-1816.

"In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information." IC 1971, 35-1-39-2, being Burns § 9-1817.

Since it has been held that first degree felony murder does not

consist of several degrees, *Dull* v. *State* (1962), 242 Ind. 633, 180 N.E.2d 523, it is Burns § 9-1817, above, which controls the issue of whether or not robbery is a lesser and included offense of felony murder robbery. This statute and its policies are of exceptional benefit to the entire criminal adjudicatory system, and as such warrants cautious interpretation. Benefits flow both to the State and to an accused. If the evidence of the crime charged is weak, yet at the same time it strongly supports a lesser and necessarily included offense, (this statute permits) the State to obtain a just conviction for the lesser offense. And in this same evidentiary situation, the statute protects the accused from an unjust conviction for the greater offense, because of the natural reluctance of a judge or jury to acquit an accused altogether where the evidence clearly shows the commission of a lesser crime of the same class. In recognition of the importance of this statute and in implementation of its policies, this Court has erected the principle that it is reversible error for a court to fail to give an instruction upon request of the accused, defining a crime which is lesser and included. *Brown* v. *State* (1972), 153 Ind. App. 114, 286 N.E.2d 201; *Hatfield* v. *State* (1962), 243 Ind. 279, 183 N.E.2d 198; *Sullivan* v. *State* (1957), 236 Ind. 446, 139 N.E.2d 893; *Watford* v. *State* (1957), 237 Ind. 10, 143 N.E.2d 405.

The interpretation given this governing statute by the majority here in reaching its conclusion that robbery is not an included offense of this charge, was first adopted in *Hash* v. *State* (1972), 258 Ind. 692, 284 N.E.2d 770. (DeBruler, J., dissenting). The holding there as I understand it, is that there must be evidence before the trial court which would support a guilty finding of the crime claimed to be lesser and included, before the failure to instruct on the lesser crime would be reversible error. In addition, of course, the lesser crime must be embodied in the statute defining the greater crime and in the charging indictment or information. The triple test would therefore be applied as follows:

1. *Evidence:* There was evidence presented to the jury from which they could conclude that this defendant did take money from the clerk of the store by violence or by putting in fear. An instruction covering robbery would have been "applicable to the evidence" as required by *Hash* v. *State, supra.*

2. *Statute:* The statute reads: "Whoever . . . in the perpetration of or attempt to perpetrate a . . . robbery . . . kills any human being is guilty of murder in the first degree" (since re-enacted in amended *form.) By its* explicit terms, this statute embodies a completed robbery.

3. *Charge:* The felony murder indictment reads as follows:
"The Grand Jury of the County of Delaware for the 1971 Term, being duly sworn, empaneled and charged in the name and upon the authority of the State of Indiana, upon their oath charge and present that Charles Johnson, George Paul Hester, and James Berry, on or about the 11th day of February, 1971, at and in the County of Delaware, in the State of Indiana, *did* then and there unlawfully and feloniously *take by use of violence and force United States Currency of the value of Two Hundred Forty-Three Dollars and Sixty-four Cents ($243.64), the property of Miller Milkhouses, Inc., then and there in the custody of one Franklin Orvis Breedlove,* being an employee of said Miller Milkhouses, Inc., said business being located at 1200 North Broadway, City of Muncie, County of Delaware, State of Indiana, the said George Paul Hester, being then and there armed with a dangerous and deadly weapon, to-wit: a small caliber pistol, the exact nature of which is unknown to the Grand Jury; and while being engaged in the commission of said robbery George Paul Hester did then and there unlawfully and feloniously shoot the said Franklin Orvis Breedlove in the head and body with said pistol, and thereby inflicted a mortal wound upon the said Franklin Orvis Breedlove, from which mortal wound, the said Franklin Orvis Breedlove then and there died on the 11th day of February, 1971. And so the Grand Jurors aforesaid, upon their oath aforesaid, do say and charge that the said Charles Johnson, George Paul Hester and James Berry, in the manner and form aforesaid, unlawfully and feloniously did kill and murder the said Franklin Orvis Breedlove, contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State of Indiana." (Emphasis added.)
The italicized language of the above indictment constitutes

a charge of robbery. The words "take" and "violence" are words taken directly from the robbery statute. This indictment embodies a *completed* robbery.

Upon application of this Court's new test I can only conclude that robbery here is a lesser and included offense of felony murder robbery and that it was reversible error for the trial court to refuse defendant's proffered instructions so indicating. *Hatfield* v. *State, supra; Watford.* v. *State, supra.*

This case cannot be distinguished from those cases which have held that when the offense of committing a crime while armed defined by IC 1971, 35-12-1-1, being Burns § 10-4709, has been charged, such charge embraces the particular crime being so committed as a lesser and included offense. *Noel* v. *State* (1971), 257 Ind. 299, 274 N.E.2d 245; *Taylor* v. *State* (1968), 251 Ind. 236, 236 N.E.2d 825; *Cross* v. *State* (1956), 235 Ind. 611, 137 N.E.2d 32; *Carter* v. *State* (1951), 229 Ind. 205, 96 N.E.2d 273; *Kokenes* v. *State* (1938), 213 Ind. 476, 13 N.E.2d 524. This case is likewise indistinguishable and therefore controlled by *Hatfield, West* v. *State* (1961), 241 Ind. 225, 171 N.E.2d 259. There we held that second degree burglary was a lesser and included offense of automobile banditry (IC 1971, 35-12-2-1, being Burns § 10-4710) in a case in which it was charged that an automobile was used in the perpetration of a second degree burglary.

The majority may have been drawn into the erroneous conclusion they have reached by considering felony murder robbery to be essentially a homicide and the robbery to be essentially a crime against property and therefore of an entirely different type of crime. In my view felony murder robbery and robbery fall within the same class. In robbery, a zone of danger to human life and limb is created by one who carries out a plan to take something of value from a fellow human being by violence or putting him in fear and seeks thereafter to escape detection and arrest. In armed robbery, because of the use of a weapon, the zone of danger is increased in magnitude. And in felony murder robbery, the danger to

those within this zone becomes manifest and the death of a human being occurs.

Upon the application of the relevant cases and the test as I see it, I relunctantly dissent in this case.

NOTE.—Reported at 315 N.E.2d 351.