MARTIN C. KASH *v.* STATE OF INDIANA.

[No. 2-574A110. Filed March 17, 1975. Rehearing denied April 10, 1975. Transfer denied April 15, 1976.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellee.

STATON, P.J.—An affidavit charged Martin C. Kash with theft in violation of IC 1971, 35-17-5-3; Ind. Ann. Stat. § 10-3030 (Burns Supp. 1974). The trial court found Kash guilty of exerting unauthorized control over a vehicle in violation of IC 1971, 35-17-5-9; Ind. Ann. Stat. § 10-3060 (Burns Supp. 1974) and sentenced him to ninety (90) days on the Indiana State Farm.

Kash's motion to correct errors raises two issues on appeal:

Issue One: Was the evidence sufficient to sustain the conviction?

Issue Two: Was the trial court's judgment contrary to law in that there was no proof of exerting unauthorized control over a "vehicle" as defined by IC 1971, 35-17-5-13(19), Ind. Ann. Stat. § 10-3040(19) (Burns Supp. 1974)?

We conclude that the evidence does not show that Kash exerted unauthorized control over a vehicle; therefore, the trial court's judgment was contrary to law. We reverse.

A 1968 Ford three-quarter ton truck and "Leisure Times Truck Camper" disappeared from the premises of Wetnight Trailer Sales, Inc. in Terre Haute on November 30, 1971. Later, on or about December 21, 1971, Kash and two other men appeared at Cleverly Cadillac in Indianapolis and told Morton Hazen, a Cleverly salesman, that they had some campers to sell. Hazen purchased two campers. One of the campers was from the Wetnight Trailer Sales, Inc. This type of camper sits inside the bed of a three-quarter ton pickup truck and does not have its own source of power or wheels.

Kash was convicted under IC 1971, 35-17-5-9, Ind. Ann. Stat. § 10-3036 (Burns Supp. 1974) which provides in part as follows:

"A person commits a crime when he: (1) knowingly obtains or exerts unauthorized control over the vehicle of the owner under circumstances not amounting to theft; . . ."[1]

For the purposes of this appeal, Kash admits that he exerted unauthorized control over the camper.[2]

The thrust of Kash's sufficiency argument is that the State failed to prove that he exerted control over a "vehicle." IC 1971, 35-17-5-13(19), Ind. Ann. Stat. § 10-3040(19) (Burns Supp. 1974) defines "vehicle" as follows:

" 'Vehicle' means any device for transportation by land, water or air, including mobile equipment with provision for transport of an operator, and draft or riding animals."[3]

The first part of this definition—"any device for transportation by land, water or air"—applies to those transportation devices which can be operated over land, water or through the air with an independent power source or by the operator's manipulation of natural forces. Such devices would include

---

1. The crime of exerting unauthorized control of a vehicle is a lesser included offense of the crime of theft only if the theft charged is theft of a vehicle. *Brown* v. *State* (1972), 153 Ind. App. 114, 286 N.E.2d 201.

2. Failure to show unauthorized control is not argued in Kash's brief and is therefore waived as a contention of error. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

3. There is nothing in the record connecting Kash with the stolen truck upon which the camper was originally located.

but not be limited to: automobiles, motor scooters, motor bikes, bicycles, row boats, canoes, sail boats, airplanes, gliders, and balloons. The second part of the statutory definition—"including mobile equipment with provision for transport of an operator"—applies to mobile equipment which transports the operator from one site to another but not necessarily over a highway. Such mobile equipment would include but not be limited to: large earth movers, bulldozers, front-end loaders, combines, cornpickers, tractors and snowmobiles. The final part of this definition—"draft or riding animals"—refers to animate draft horses and riding horses as well as other animals commonly used for riding or carrying burdens.

The camper sold to Hazen had no independent source of power and no mobility by an operator's manipulation of natural forces. It had no wheels and was designed to rest in the bed of a pickup truck. It was not mobile equipment without the attached three-quarter ton truck. Being inanimate, it failed to come within the last category of the statutory definition of a "vehicle." Therefore, the State has failed to prove one of the essential elements of the offense—exerting unauthorized control over a *vehicle*.[4]

We reverse.

Hoffman, J. and Garrard, J., concur.

---

4. The State relies on *Halstead* v. *State* (1927), 199 Ind. 397, 155 N.E. 609. However, this case dealt with the former statute, Ind. Ann. Stat. § 10-3010 (Burns 1956) which provided in part:

"Whoever unlawfully, without the consent of the owner takes, hauls, carries or drives away any vehicle, automobile, car, truck, airplane or airship, operated by electricity or steam or explosive power, or any accessory or appurtenance contained in or on or forming a part thereof, of the value of fifty dollars [$50.00], or more, or whoever receives, buys, conceals, or aids in the concealment of such or any one or more of such, knowing the same to have been taken, shall be guilty of the crime of vehicle taking. . . ."