Robert Edward JONES, Appellant,

v.

STATE of Indiana, Appellee.

No. 2–1276A453.

Court of Appeals of Indiana,
Second District.

April 2, 1979.

Michael T. Conway, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Dennis K. McKinney, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Robert Jones was convicted by jury of Robbery[1] and Commission of a Crime of Violence While Armed with a Firearm.[2] He appeals, presenting the following issues:

(1) Did the trial court err in refusing to give certain instructions on lesser included offenses?

(2) Did the trial court err in giving an instruction concerning factors to be considered by the jury in assessing penalties?

(3) Did the trial court err in sentencing Jones for both robbery and commission of a crime of violence while armed with a firearm?

(4) Was there sufficient evidence to support the verdict?

I.

■ Jones contends that the trial court erroneously refused certain instructions concerning purported lesser included offenses of robbery.

We, however, need not decide whether the offenses set forth in the tendered instructions were included in the robbery charge. It is proper to submit instructions upon lesser included offenses only where there is some evidence of probative value from which the jury could find the defendant guilty of such offenses. *Poindexter v. State* (1978) Ind., 374 N.E.2d 509; *Hash v. State* (1972) 258 Ind. 692, 284 N.E.2d 770. The totality of the evidence here was to the effect that the robbery was committed as charged. The only conceivable issue before the jury was the identity of the robber, not the commission of the robbery.

We acknowledge Jones' cogent argument that, even if all of the evidence indicates the existence of the elements of the greater offense, the jury is nevertheless free to disbelieve any or all of the testimony pertaining to those elements present in the greater but not the lesser offense. We, however, are bound by the numerous decisions rendered by our Supreme Court which

hold that the refusal of lesser included instructions presents no error where the evidence supporting the greater offense is uncontradicted. *See Pruitt v. State* (1978) Ind., 382 N.E.2d 150; *Poindexter v. State, supra,* 374 N.E.2d 509; *Candler v. State* (1977) Ind., 363 N.E.2d 1233; *Harris v. State* (1977) Ind., 366 N.E.2d 186; *Hester v. State* (1974) 262 Ind. 284, 315 N.E.2d 351; *see also Lash v. State* (2d Dist. 1977) Ind. App., 367 N.E.2d 10.

No error was committed in the refusal of the tendered instructions.

II.

■ The trial court gave Instruction 2F to the jury, which reads as follows:

"You must first determine the guilt or innocence of the accused as to each count. If you have reasonable doubt as to the crime formally charged you must acquit upon that particular count.

"If you find guilt the prescribed penalty for each count is stated immediately above the applicable verdict form. If there is but one fixed penalty for such count then your duties are fully discharged in finding guilt or innocence as to that count. You must fix the penalty only on counts where you have discretion as I have heretofore instructed you. You may use your verdict forms and the penalty instructions thereon as a reminder as to wherein you do or do not have penalty discretion and the boundries thereof.

"Any range of penalties constitutes a scale upon which you should weigh and evaluate the gravity of the Defendant's conduct in the commission of such crime. In so doing, weigh the degree of disregard for the rights of others, the probability of reformation or resumption of criminal conduct, and the necessity of protecting society by deterrent example and by isolating the accused from criminal opportunities. Do not consider the financial, racial, religious or social status of the accused."

1. I.C. 35-13-4-6 (Burns Code Ed.1975), repealed by Acts 1976, P.L. 143, § 1.

2. I.C. 35-23-4.1-2 (Burns Code Ed.1975), repealed by Acts 1977, P.L. 335, § 21.

Jones contends that this instruction impermissibly allowed the jury to consider factors upon which no evidence had been submitted and, further, that it called attention to and emphasized parts of the evidence to the exclusion of others.

An almost identical instruction, however, was held proper by our Supreme Court in *Brown v. State* (1977) Ind., 360 N.E.2d 830. The court stated:

"This instruction, despite the Appellant's argument to the contrary, attempts to provide guidelines for the jury in the penalty phase of its deliberations. The question to be asked regarding the instruction is not whether it should have stated guidelines, but whether those stated were adequate.

\* \* \* \* \* \*

"We find no error in the giving of this instruction. This instruction did not direct the jury to consider evidence outside the record. *See Gross v. State* (1917), 186 Ind. 581, 117 N.E. 562. Any such interpretation was corrected by Court's Instruction 4P, which instructed the jury to determine facts only from evidence admitted in open court. An instruction more specific than the one given here would run the danger of stressing particular evidence and invading the province of the jury.

"A jury, when it must set punishment in a case, is not provided with a pre-sentence report. This Court has found this procedure to be constitutionally permissible. *Colvin v. State* (1976), Ind., 346 N.E.2d 737; *Pulliam v. State* (1976), 264 Ind. 381, 345 N.E.2d 229. As a result, a jury must of necessity refer to evidence of the character of the crime and attending circumstances as a basis for its penalty. We think the Court's instruction substantially directed the jury's attention to such factors." 360 N.E.2d at 836–837.

Here, as in *Brown*, the trial court separately instructed the jury to determine facts only from evidence admitted in open court. No error has been demonstrated.

### III.

Jones contends that his convictions for both robbery and commission of a crime of violence while armed with a firearm violate the double jeopardy clauses of the United States and Indiana Constitutions. Jones argues that, under the particular facts here, robbery was a lesser included offense of the commission of a crime of violence while armed with a firearm and, therefore, he could not be convicted of both a greater and lesser included offense.

This argument was effectively eliminated in *McFarland v. State* (2d Dist. 1979) Ind. App., 384 N.E.2d 1104. There we dismissed the applicability of the double jeopardy clauses to such situations, as follows:

"We would observe, however, that in other instances the legislature has chosen to punish greater and lesser offenses by pyramiding the penalties. Thus, instead of providing a greater penalty for the more severe offense of using a firearm in the commission of a 'crime of violence,' the legislature has accomplished the same objective through an enhanced penalty, i. e., by specifying that an enhanced penalty for using a firearm is to be imposed in addition to the penalty for the underlying felony. *See*, IC 35–23–4.1–2 (Burns Code Ed.1975). Such an approach is constitutionally permissible. But the legislature, as it has in IC 35–23–4.1–2, must make its intent explicit in order to 'rebut' the *Blockburger* [*Blockburger v. U. S.* (1932) 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306] presumption that only one criminal sanction was intended. This enhanced penalty situation is to be distinguished from cumulative punishment. Double jeopardy is no bar to the former; it only forbids cumulative punishment for the same offense. *Brown v. Ohio* [432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187], *supra*." 384 N.E.2d at 1113.

We further indicated in *McFarland* that the double jeopardy clause is a restriction upon the courts and prosecution not to impose multiple punishment for the *same* offense. It does not prohibit the legislature from defining more than one offense which

may be committed during the same transaction or occurrence. 384 N.E.2d at 1111. Yet, even this analysis is inapplicable to the instant case, for as we stated in *McFarland* at 1113, n. 17:

"IC 35–23–4.1–2 (Burns Code Ed.1975) does not prescribe a new offense. The statute merely imposes additional punishment for certain offenses in which a firearm is used. That is to say, it does not punish for the 'crime of violence,' only for the use of a firearm in the commission thereof. A similar California provision is discussed in *In Re Culbreth* (1976) 17 Cal.3d 330, 130 Cal.Rptr. 719, 551 P.2d 23, and *People v. Chambers* (1972) 7 Cal.3d 666, 102 Cal.Rptr. 776, 498 P.2d 1024."

Thus, while Jones' double jeopardy argument must fail, we nevertheless note sua sponte that both the verdict and the sentence here read as if there were two separate and distinct convictions. As we observed in *McFarland*, I.C. 35–23–4.1–2 provided only for enhanced penalty upon the finding that the crime for which the conviction is rendered was committed by defendant while armed with a firearm. There can be no separate conviction for a violation of that statutory provision. Although the sentence imposed here requires no modification,[3] the purported conviction for the commission of a violent crime while armed with a firearm is in fact nothing more than an affirmative finding by the jury necessary for imposition of the enhanced penalty.

### IV.

Jones contends that there was insufficient evidence to support the verdict. The evidence most favorable to the State reveals that Jones entered the Sea Island Sea Foods store, pointed a revolver at Lorena Smith, the cashier, and demanded that she give him the money from a drawer. Jones took the money and fled. Smith identified Jones at trial as the robber, and also testified that, during the robbery, Jones aimed the gun at her face and said "pow-pow".

Such evidence is sufficient to support the conviction.

The judgment of conviction for robbery, with enhanced penalty imposed pursuant to the jury's finding that said robbery was committed while armed with a firearm, is affirmed. That portion of the judgment which purports to be a conviction for commission of a violent crime while armed with a firearm is vacated.

SHIELDS, J., concurs.

BUCHANAN, C. J., concurs in result.

---

3. Jones was sentenced to a term of 10 to 25 years for robbery and to a term of 5 years plus a $500 fine for the commission of a crime of violence while armed with a firearm, said terms to run concurrently.