ERVIN, Judge,
dissenting.
Deese appeals his conviction for motor vehicle theft, proscribed by Section 812.-014(2)(b)4, Florida Statutes (1977). I would reverse.
The motor vehicle alleged stolen, a 1974 Yamaha motorcycle, had been abandoned by its owner in a wooded area where it was found and taken to the sheriffs impoundment lot. It remained there for more than a year when Deese removed it from the lot. Its condition at that time was in a serious state of disrepair: its chain was gone, the front sprocket stripped, the fuel line and clutch lever broken, and its crankcase had a hole in it. It had no headlights, taillights, tag or inspection sticker.
Deese argues that the statute is unconstitutionally vague since Chapter 812 did not provide at the time of the offense a definition for motor vehicle. He also argues that the motorcycle, due to its condition, could not have been a motor vehicle as that term is defined by other provisions of the Florida Statutes and cases construing those provisions. I think the statute can be constitutionally sustained, but I do not think the evidence supports the conclusion that the instrumentality taken was in fact a motor vehicle.
Section 812.011(3), Florida Statutes (1977), repealed October 1,1977 by Chapter 77-342, defined motor vehicle as one “drawn by or carried upon a self-propelled vehicle, designed for and used either as a means for transporting persons or property over the public streets and highways . , and all other vehicles operated over the public highways and streets and propelled by power other than muscular power.” Section 812.-014(2)(b)4.currently provides that the theft of a motor vehicle, regardless of value, is a third degree felony. Other sections of the Florida Statutes provide definitions similar to those formerly provided in Section 812.-011(3). See Sections 320.01(1), 627.733, 520.-02(1) and 627.732(1). While the above statutes define motor vehicle for purposes other than those set out in Chapter 812, in the absence of any definition of motor vehicle in Chapter 812, or any cases construing Section 812.011(3), I think we are permitted to look to other legislative expressions as an aid to determining whether the property taken by Deese was in fact a motor vehicle. It is our duty to avoid a conclusion that a statute is unconstitutional if at all reasonably possible. State v. Aiuppa, 298 So.2d 391 (Fla.1974). Nevertheless, when penal statutory provisions are susceptible to different conclusions, it is another rule of construction that they be construed most favorably to the accused. Ex parte Bailey, 39 Fla. 734, 23 So. 552 (1897). Statutes which relate to the same subject or similar subjects may be considered in pari materia with one another, State ex rel. McClure v. Sullivan, 43 So.2d 438 (Fla.1949); Harrington and Company, Inc. v. Tampa Port Authority, 358 So.2d 168 (Fla.1978), and judicial interpretations given other statutes on related subjects may also be considered. Martin v. Martin, 196 So.2d 26 (Fla. 2d DCA 1967).
Cases construing the term motor vehicle under the Florida Automobile Reparations Reform Act are of particular assistance to a determination here whether the motorcycle was a motor vehicle. In Sherman v. Reserve Insurance Co., 350 So. 2d 349 (Fla. 4th DCA 1977), the court stated that an automobile which was totally inoperable as a result of mechanical deficiencies was not a motor vehicle within the statute’s definition; that three requisites must be satisfied before the instrumentality could be said to comply with Section 320.01: (1) the instrumentality must be operated over the public streets or maintained for that purpose, (2) it must be capable of use for transporting persons or property over the public streets, and (3) it must be propelled by power other than muscular power. *889 The' court concluded that an automobile which had been rendered inoperable due to mechanical failure does not fall within the definition and, until it was repaired and restored to an operable condition, remained only “an assemblage of components which is incapable of functioning as a motor vehicle.” ' Id. at 352. See also Tapscott v. State Farm Mutual Automobile Ins. Co., 330 So.2d 475 (Fla. 1st DCA 1976) where the court observed there are no registration or security requirements for motor vehicles which are neither operated over the public streets or highways in Florida, nor maintained for that purpose. More recently, in Ward v. Florida Farm Bureau Casualty Ins. Co., 375 So.2d 898 (Fla. 1st DCA, 1979), we held that an automobile was not a motor vehicle within the meaning of Sections 627.-730 et seq., when its registration and license had been allowed to lapse due to the vehicle’s inoperability for an extended period of time. To the same effect, see Malen v. American States Insurance Co., 376 So.2d 473 (Fla. 1st DCA, 1979). A similar factual pattern is revealed here. In addition to being inoperable, the motorcycle clearly had not been maintained as a motor vehicle since it had been abandoned by its record owner for more than a year before it was removed from the lot, and, when notified of its whereabouts, the owner expressed no intention to reclaim it.
I do not say that in all cases an automobile or other such instrumentality would not qualify as a motor vehicle under Chapter 812 merely because it was temporarily inoperable. I say only that under the peculiar circumstances of this case, and the statute as it presently exists, the motorcycle taken by Deese was not a motor vehicle. Conceivably a statute could be drafted to forbid the unauthorized removal of a junked vehicle or the removal of parts from it. Cases from other jurisdictions have approved statutes precluding the driving, operating, using or tampering of another’s motor vehicle. See Missouri v. Ridinger, 364 Mo. 684, 266 S.W.2d 626 (1954) (sustaining a tampering conviction of one who removed parts from a junked bus standing on the lot of an auto repair dealer). See also cases collected in annotation at 42 A.L.R.2d 617 (1954). And see Halstead v. State, 199 Ind. 397, 155 N.E. 609 (1927) (upholding the conviction of a defendant who took a motor from an automobile contrary to a statute precluding the taking away of any vehicle or any accessory or part contained in it).
I do not think the legislature has as yet expressed an intention to prohibit the thefts of such junked instrumentalities or their parts and to subject the persons taking them to the strictures of motor vehicle larceny. Until it so acts, I consider that those seeking to prosecute persons for grand theft on circumstances similar to those here must be content to rely on those provisions of Section 812.014(2)(b)l, requiring that the value of the property taken be $100 or more.
I would reverse Deese’s conviction.