Michael Allen KELLEY, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 683S231.

Supreme Court of Indiana.

Nov. 27, 1984.

William T. Enslen, Robert M. Mirkov, Enslen, Enslen & Matthews, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Michael Kelley was convicted by a jury of felony murder, Ind.Code § 35–42–1–1(2) (Burns 1979 Repl.), and was sentenced to a term of imprisonment of forty years. He raises the following issues in this direct appeal:

1. Whether the evidence was sufficient to sustain his conviction;

2. Whether the court erred in refusing to suppress incriminating statements he made during a custodial interrogation;

3. Whether the court admitted hearsay evidence;

4. Whether the court committed reversible error when it allowed the victim's wife to state the number of children she and the victim had;

5. Whether the court erred in refusing to instruct the jury on voluntary manslaughter;

6. Whether the court erred in denying a motion allegedly requesting that the defendant be allowed to represent himself with his counsel; and

7. Whether the defendant's counsel was inadequate.

### I.

Kelley contends that the evidence is insufficient to sustain his conviction for murder in the perpetration of a robbery. We will neither reweigh the evidence nor judge the credibility of the witnesses, but will look only to that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the judgment will not be disturbed. *Garland v. State*, (1983) Ind., 444 N.E.2d 1180.

■ A summary of the facts from the record most favorable to the state reveals that the body of the victim was found in an alley under circumstances indicating he was dropped there after his death. He had died from a wound from a bullet which had entered the back of his head and had exited near his mouth, shattering four teeth.

Several months later, the defendant, a narcotics informant for the Hammond police department, met with Hammond police officers to discuss an unrelated case. After that discussion, he volunteered the information that he had been driving his car when the victim, seated in the front passenger seat, was shot with the defendant's gun by the defendant's companion who was seated in the back. He told the police that he did not know the victim would be shot, but that he and his companion had planned to rob the victim of his cocaine and did so after the shooting. He told the police that the victim's body was left in the alley where it was found. At trial the defendant denied making the confession.

In the defendant's car the police found tooth fragments and a stain of human blood on the front passenger seat. They discovered a bullet-sized hole in the "headliner" above the front passenger seat.

We find that the evidence of the defendant's recanted confession and the circumstantial evidence presented proved that the defendant intentionally committed a robbery during which crime a killing occurred. The evidence most favorable to the state was sufficient to convict the defendant.

### II.

■ The defendant contends the court erred in denying his motion to suppress incriminating statements he made to police during a custodial interrogation. He alleges he did not knowingly, intelligently, and voluntarily waive his right to remain silent because, he claims, he was not advised that oral statements and not only written statements could be used against him.

It was the state's burden to prove beyond a reasonable doubt that the defendant's statements were voluntarily given. *Tawney v. State*, (1982) Ind., 439 N.E.2d 582, 586. On review, we will not reweigh the evidence. We will look to the evidence supporting the trial court's ruling and will affirm if the evidence was sufficient to support its decision. *Id.*

The evidence adduced at the hearing on the motion to suppress was that the defendant was advised of his *Miranda* rights and stated that he understood them. In an attempt to bargain for immunity in an unrelated case, however, he refused to give a written statement.

The defendant's request for immunity was denied. Nonetheless, he continued to talk with the police and to incriminate himself. The defendant acknowledged he was advised of and understood his *Miranda* rights. His claim on appeal that he did not realize oral statements could be used against him is not supported by any evidence in the record.

■ Furthermore, even if the defendant's statements had not been voluntarily given, we would not reverse. His statements that he was the driver when the victim was shot from the backseat during a cocaine robbery were cumulative of previous statements, summarized in Issue I, which were used against him at trial. As such, any error in the admission of these challenged statements would be harmless. *See, Gross v. State*, (1983) Ind., 444 N.E.2d 296, 301.

The defendant told police during this interrogation that when they searched his car they would find that his story about the seating arrangements and the direction from which the victim was shot would be corroborated by the fact that a bullet hole would be found in the "headliner" above the front passenger seat. The defendant claims this statement, if erroneously admitted, substantially prejudiced his right to a fair trial. We cannot believe that, in light of the defendant's other confession, the admission of which is not at issue on appeal, and the physical evidence which corroborated his story, that the jury could have been swayed by his statement about the bullet hole. *See, Miller v. State*, (1982) Ind., 436 N.E.2d 1113, 1114.

### III.

■ The defendant claims the court erred in allowing the victim's wife to testify that on the morning of the killing she overheard the victim on the telephone arguing "about money." The defendant claims this testimony about the victim's conversation is hearsay. We disagree. Hearsay testimony is the repetition of an out-of-court declaration offered to prove its truth. The witness in court who repeats the decla-

ration cannot be cross-examined regarding its substance. Rather, the value of the testimony rests on the absent declarant's credibility. *Roberts v. State*, (1978) 268 Ind. 348, 375 N.E.2d 215.

■ We do not believe that the victim's wife's testimony that she heard the victim arguing "about money" involves the repetition of a declaration made by her husband. Whatever value in her testimony did not depend on his credibility. Instead, she offered her personal observation which was then subject to cross-examination. *See, Grzesiowski v. State*, (1976) 168 Ind.App. 318, 343 N.E.2d 305.

Furthermore, even if the testimony did constitute improperly admitted hearsay evidence, the defendant was never tied to the conversation about money. The victim's wife stated that she did not know the identity of the caller and that she had never heard of the defendant. The record contains nothing further on the subject. Accordingly, he cannot meet his burden of showing us how the alleged error would have prejudiced him. *Hester v. State*, (1974) 262 Ind. 284, 315 N.E.2d 351.

### IV.

■ The defendant argues that the court committed reversible error when it allowed the state to elicit testimony from the victim's wife as to the number of children she and the victim had. We have previously held that, generally, such testimony is irrelevant, prejudicial, and is not a proper part of the state's case. *Rowe v. State*, (1968) 250 Ind. 547, 237 N.E.2d 576. Nonetheless, we will reverse only if we determine that the error could have substantially influenced the jury's verdict. *Miller v. State*, (1982) Ind., 436 N.E.2d 1113, 1114.

■ In the instant case, the jury heard the state's evidence that the defendant confessed to the crime. Also, the confession was corroborated by the physical evidence. In light of this evidence of the defendant's guilt, we cannot believe that the testimony that the victim had three children contributed to the verdict. *Dickerson v. State*,

(1972) 257 Ind. 562, 276 N.E.2d 845. The error was harmless.

## V.

The defendant had been charged with murder and murder in the perpetration of a robbery. The jury found him guilty on both counts and the trial court rendered judgment only on the latter charge. As to the murder charge, the defendant now claims the court erred in refusing his tendered instruction on the lesser included crime of voluntary manslaughter. We disagree.

One is not entitled to an instruction on a lesser included offense unless the evidence would have warranted a jury's finding that the lesser offense was committed while the greater was not. *Tawney v. State*, (1982) Ind., 439 N.E.2d 582. The evidence to which the defendant points as warranting the conclusion that sudden heat was a factor in the killing is the testimony that the victim received a telephone call which erupted into an argument. However, the defendant was never connected in any way to the telephone call. The defendant also points to a police officer's testimony that the defendant had told him that the defendant had previously "had some trouble" with the victim at work. Yet, there was no evidence that the crime involved the intense emotion which constitutes "sudden heat." *See, Robinson v. State*, (1983) Ind., 453 N.E.2d 280. The jury could not have found from the evidence that the killing was committed in sudden heat and was not murder. The instruction was properly refused.

## VI.

A public defender was appointed and entered his appearance for the defendant. Nonetheless, one week before trial the defendant mailed to the trial court a *pro se* motion for the deposition and subpoena of various witnesses. The trial court filestamped the motions and forwarded them to the attorney of record.

Some of the potential witnesses named in the motions were allegedly not deposed or subpoenaed by the public defender. The defendant claims that the motions he sent to the court constituted a request to appear in his case in "hybrid representation" with his counsel. *See, Lock v. State*, (1980) 273 Ind. 315, 403 N.E.2d 1360. He claims that by file-stamping the motions, the court impliedly granted the request for hybrid representation. He claims, then, that its failure to act further on the motions was error. He claims alternatively that the court's action amounted to a denial of the so-called motion to proceed in hybrid representation and that such denial was error.

First, we do not believe that the defendant's motions for depositions and subpoenas could be considered a request to the court to grant hybrid representation. A motion must contain a statement of the order or relief sought. Ind. Rules of Procedure, Trial Rule 7(B). The court was presented with no such request on which to rule.

Second, even if the so-called motion was erroneously handled or ruled upon by the court, the defendant has not shown how he was prejudiced thereby. *See, Hester v. State*, (1974) 262 Ind. 284, 315 N.E.2d 351. Three of the seven individuals to receive subpoenas were in fact called at trial. The defendant has indicated neither that those who did not receive subpoenas would have given material testimony nor that the depositions mattered to his defense. The defendant's claim is without merit.

## VII.

The defendant's final allegation is that his attorney's failure to depose and subpoena the witnesses constituted inadequate representation. His burden was to show, first, that his attorney's conduct was unreasonable and, second, that the conduct prejudiced the defense. *Lawrence v. State*, (1984) Ind., 464 N.E.2d 1291.

We cannot find that the defendant's attorney acted unreasonably in his investigation and use of witnesses. Noth-

ing in the record indicates he ignored potential witnesses or that his defense in this difficult case was lax. The defendant also does not show prejudice from the alleged failure to depose and subpoena certain witnesses. We would reverse only if he could show a reasonable probability that the results of his trial would have been different with adequate representation. *Id.* We find no error here.

For all the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and PIVARNIK, J., concur.

DeBRULER and PRENTICE, JJ., concur in result.