Kenneth GOODPASTER, Appellant,

v.

STATE of Indiana, Appellee.

No. 879S214.

Supreme Court of Indiana.

April 15, 1980.

Harriette Bailey Conn, Public Defender, Howard N. Bernstein, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Kenneth Goodpaster was charged in Dearborn Circuit Court with burglary, a class A felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.). He was tried to a jury and convicted on June 27, 1978. The trial court sentenced appellant to twenty years imprisonment. Appellant Goodpaster raises three issues on this appeal, concerning: (1) whether the trial court erroneously admitted evidence of a witness' prior acquaintance with the defendant; (2) whether the trial court erred in refusing one of the defendant's tendered instructions; and (3) whether the evidence is sufficient to sustain the conviction.

On May 29, 1978, at approximately 7:15 p. m., two men broke into the home of Harris Tufts. They threw Tufts to the floor, blindfolded and bound him, and threatened to kill him if they were unable to find money. The men also struck Tufts' head against the floor several times. Several items were taken from the home, including two citizens band radios, an amateur receiving set, Tufts' checkbook, the contents of his wallet, two watches, a coin collection and a necklace. The two men also took Tufts' green Pinto station wagon.

Murl White, a patrolman in the Rising Sun Police Department, testified that he received a radio dispatch indicating a green Pinto had been involved in a burglary. Officer White spotted a car matching this description and proceeded to follow it. He was able to see the people in the car, and later identified appellant Goodpaster as one of the two occupants. When Officer White attempted to stop the Pinto, its driver accelerated. The car was found abandoned shortly thereafter at the edge of a river bank in a field.

Approximately one hour later, witness Donald Combs picked up appellant Goodpaster hitchhiking on a road near the location where the car had been abandoned. Appellant appeared somewhat intoxicated, and when he made statements which Combs interpreted as volunteered information of a suspicious nature, Combs took him to the police station.

Officer Steven Heffelmire of the Dearborn County Police Department testified concerning the items taken from appellant's possession at the time of his arrest. Among the items obtained from appellant Goodpaster were a pearl necklace and several old coins. Harris Tufts identified these objects as some of the items that had been stolen from his house earlier that evening. Tufts also identified the abandoned green Pinto as his.

### I.

Appellant first argues the trial court erred in admitting evidence of a police officer's prior "acquaintance" with him. Defense counsel attempted to establish that appellant was intoxicated at the time he was arrested and interrogated. During the cross-examination of Officer Heffelmire by defense counsel, the following exchange occurred:

Q. Okay. Apparently one of the persons, Mr. Combs, who had picked him up felt that he was under the influence of something an hour or so earlier. In your opinion—and you talked to Mr. Goodpaster before that night, is that correct? You knew him before that night?

A. Yes, I've talked to him several times.

Q. Okay. In your opinion he was not under the influence of any drugs at that time?

A. Well, the defendant is never really very outgoing. He was kind of rejected [sic] that night and withdrawn himself. I can't pick that out as saying I feel he was under the influence of anything. He acted like he has acted on previous interviews that I have been involved [in] with him.

Record at 117–18. Immediately thereafter, on redirect examination, the prosecutor asked the witness how he happened to know appellant Goodpaster prior to this incident. Heffelmire answered: "On separate crimes. Other crimes." When the prosecutor asked what crimes the witness was referring to, defense counsel objected. While the record does not reveal the specific grounds of the objection, the trial court sustained the objection, and the prosecutor did not attempt to pursue this matter further.

We do not believe this testimony was so prejudicial to appellant that he was denied a fair trial. Defense counsel himself raised the fact of the police officer's "acquaintance" with appellant. In fact, the witness referred to "previous interviews" he had had with Goodpaster. Defense counsel did not attempt to show that Heffelmire's knowledge of Goodpaster was not based on Heffelmire's functions as a police officer. Thus, even if the prosecutor had not followed up on the issue by asking the witness how he knew appellant, the jury very easily could have drawn the inference that Heffelmire knew appellant through the "separate crimes" to which he alluded. In fact, defense counsel invited the same response from another police officer when he asked the officer if he knew appellant prior to this incident. As we stated in *Fortson v. State*, (1978) Ind., 379 N.E.2d 147, 153: "A defendant may not be allowed to open an issue and have it closed at his convenience."

We also note that defense counsel took no further action after objecting to the question regarding the specific crimes through which Heffelmire knew appellant. Counsel did not ask the court to strike the testimony from the record or admonish the jury to disregard it, nor did counsel move for a mistrial. Appellant cannot claim error in the trial court's failure to take any of these actions when he did not make the motions which would have given the court an opportunity to act. *Henderson v. State*, (1979) Ind., 395 N.E.2d 224. This issue is without merit.

## II.

Appellant next claims the trial court erred in refusing to give his tendered instruction number one. This instruction pertained to the offense of criminal trespass and read as follows:

"A lesser included offense of the offense of burglary is the offense of criminal trespass which is defined in Burns 35–43–2–2 Sec. 2(A)(5) as when a person who not having a contractual interest in the property, knowingly or intentionally enters the dwelling of another person without his consent. The offense of criminal trespass is a class A misdemeanor for which a person may be imprisoned for a fixed term of not more than one year; in addition, he may be fined not more than $5000.00."

Record at 30. Appellant asserts, as indicated in his tendered instruction, that criminal trespass is a lesser-included offense of burglary, and that the evidence supported the giving of this instruction.

■ We must first determine whether trespass of the type described in subsection (a)(5) of Ind.Code § 35–43–2–2 (Burns 1979 Repl.) is an included offense of burglary. Ind.Code § 35–41–1–2 (Burns 1979 Repl.) defines an included offense as an offense that "[i]s established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged." If trespass is not an included offense of burglary in this case, then appellant was not entitled to an instruction to that effect which would have given the jury the opportunity to convict him of that crime. *Estep v. State*, (1979) Ind., 394 N.E.2d 111; *Lawrence v. State*, (1978) Ind., 375 N.E.2d 208; *Roddy v. State*, (1979) Ind.App., 394 N.E.2d 1098. See *Hester v. State*, (1974) 262 Ind. 284, 289–90, 315 N.E.2d 351, 354. In making this determination, we must first examine the statutes creating the two offenses. *Lawrence v. State, supra.* Section 35–43–2–2(a)(5) states:

"(a) A person who:

(5) Not having a contractual interest in the property, knowingly or intentionally enters the dwelling of another person without his consent;

commits criminal trespass, a class A misdemeanor."

Thus, the material elements of this type of criminal trespass are: the (1) knowing or intentional (2) entry into (3) the dwelling (4) of another (5) without his consent (6) by a person who has no contractual interest in the property. Section 35–43–2–1 states:

A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a class A felony if it results in either bodily injury or serious bodily injury to any other person.

The elements of class A burglary, then, are: the (1) breaking and (2) entering of (3) the building or structure (4) of another (5) by one who intends to commit a felony therein (6) which results in bodily injury or serious bodily injury to another person.

■ It is clear, therefore, that this type of trespass is not an *inherently* included offense of burglary. See *Roddy v. State*, (1979) Ind.App., 394 N.E.2d 1098. Even accepting that a burglary is committed "intentionally" and "without consent," one does not *necessarily* commit a trespass under subsection (a)(5) when one commits a burglary. First, the lack of a "contractual interest in the property" is a required element of this type of trespass, but is not a material element of burglary. It is possible for one to burglarize a "dwelling" or "building or structure" in which he has a contractual interest. Second, trespass under subsection (a)(5) involves an entry into a "dwelling." A class A burglary may be committed by entry into a "building or structure." Under the terms of the statute, this phrase encompasses a larger class of objects than "dwelling." In other words, one may burglarize a "building or structure" without necessarily burglarizing a "dwelling."

We must next determine whether a criminal trespass was an included offense of the burglary alleged *in this case*. This requires an examination of the factual allegations contained in the charging instrument "to determine if the elements of the lesser offense, by virtue of the manner and means allegedly employed in the commission of the charged crime, are alleged to have been committed." *Roddy v. State, supra*, 394 N.E.2d at 1107. *See Lawrence v. State, supra*.

The charging information in this case alleges:

"That Kenneth Goodpaster  .  .  ., on or about the 29th day of May, 1978 .  .  ., did then and there unlawfully break and enter the building or structure of Harris Tufts, situated at U. S. 50 and Cole Lane, Aurora, Indiana, with intent to commit a felony therein, to-wit: Theft; and resulting in injury to said Harris Tufts, to-wit: rope burns on wrists and a contusion on the head; all contrary to the form of the statute in such cases.  .  .  ."

Record at 7. Thus, it is clear that the State intended to allege burglary, and none of its possibly included offenses, in this charging instrument. While the probable cause affidavit alleged that appellant had burglarized a dwelling, the information alleged only that the object of the burglary was a "building or structure." Thus, the State did not have to prove in this case that appellant had burglarized a "dwelling" to gain a conviction for class A burglary. *See* Ind.Code § 35–43–2–1 (Burns 1979 Repl.). Under subsection (a)(5), as noted earlier, the "building or structure" must be a "dwelling." Further, neither the affidavit nor the information mentioned the "contractual interest" element found in the criminal trespass statute. The concept of a "contractual interest" was irrelevant in determining Goodpaster's liability for burglary, the only crime with which he was charged. The exclusion of these criminal trespass elements as allegations in the charging instrument reflects the State's desire in this case to prosecute only for burglary, and none of its possibly included offenses, and to "avoid the opportunity for the jury to convict the defendant of a lesser offense in lieu of the crime charged." *Roddy v. State, supra*, 394 N.E.2d at 1104.

It is equally clear, however, that an (a)(5) criminal trespass could be an included offense of burglary. If the charging instrument had alleged that appellant burglarized a "dwelling" in which he had no "contractual interest," then appellant would have been on notice that he was also charged with, and could have been convicted of, criminal trespass. Only if that were the case, and the evidence revealed a "serious dispute" concerning the *degree* of appellant's culpability, would he have been entitled to an instruction on criminal trespass.

■ In this case, then, proof of a criminal trespass of the type described in subsection (a)(5) was not required to gain a conviction of appellant for burglary. Therefore, the trespass was not "included" within the crime charged, and appellant was not entitled to an instruction which described a trespass under (a)(5) as a "lesser-included offense" of burglary, and which would have allowed the jury to convict him of that crime. *Roddy v. State, supra*, 394 N.E.2d at 1107. *See Lawrence v. State, supra*.

■■ Whether or not criminal trespass is a lesser-included offense of burglary, we conclude the trial court properly refused this instruction in this case. To support the giving of this instruction, there must have been "evidence of probative value from which the jury could properly find the defendant guilty of such lesser-included offense." *Lawrence v. State*, (1978) Ind., 375 N.E.2d 208, 213, *quoting Hash v. State*, (1972) 258 Ind. 692, 698, 284 N.E.2d 770, 774. The elements of class A burglary which distinguish it from criminal trespass are: (1) a breaking; (2) with intent to commit a felony; and (3) resulting bodily injury or serious bodily injury to another person. There was substantial evidence adduced at trial which showed that a breaking did occur and that Harris Tufts sustained bodily injury as a result of the burglary. In addition, all of the evidence, including, as we

discuss infra, appellant's unexplained possession of property which was taken during the burglary, clearly leads to an inference that the breaking and entering was done with the intent to commit a felony. *See Spivey v. State*, (1971) 257 Ind. 257, 274 N.E.2d 227. *See also Holtel v. State*, (1972) 155 Ind.App. 1, 290 N.E.2d 775. Further, there was no evidence presented concerning any sort of contractual relationship or interest of the defendant in the property. *See* Ind.Code § 35–43–2–2(a)(5), *quoted supra.* Thus, the evidence did not warrant the giving of the tendered instruction, and the trial court properly refused to do so. *Lawrence v. State, supra; Hash v. State, supra; Cole v. State*, (1922) 192 Ind. 29, 134 N.E. 867; *Roddy v. State, supra.*

### III.

Finally, appellant Goodpaster challenges the sufficiency of the evidence. He argues the State presented no evidence which placed him at or near the scene of the crime during or after its commission. Thus, he asserts, there was insufficient evidence to support all of the elements of burglary.

When we review a claim of insufficient evidence, we will not reweigh the evidence or determine the credibility of witnesses. We will examine the evidence most favorable to the State to determine only if there is substantial evidence of probative value from which the jury could have found appellant guilty beyond a reasonable doubt. *Love v. State*, (1979) Ind., 393 N.E.2d 178, 180; *Norris v. State*, (1979) Ind., 394 N.E.2d 144, 151; *Ruetz v. State*, (1978) Ind., 373 N.E.2d 152, 156.

In the case before us, the victim Harris Tufts identified appellant as having been near his home shortly before the burglary occurred. Tufts' testimony also established the facts surrounding the burglary. Appellant Goodpaster was also seen in Tufts' car shortly after it had been stolen. He was picked up while hitchhiking a short distance from the point where Tufts' car was abandoned. Appellant was taken into custody two or three hours after the crime was committed, and several items of Tufts'

personal property were found in appellant's possession. Appellant offered no explanation for the presence of those items, and, in fact, admitted that some of the money found in his pockets belonged to the victim. The unexplained possession of property recently stolen during a burglary will support an inference of guilt. *Holtel v. State*, (1972) 155 Ind.App. 1, 290 N.E.2d 775. *See Lawrence v. State*, (1963) 244 Ind. 305, 192 N.E.2d 629; *Gilley v. State*, (1949) 227 Ind. 701, 88 N.E.2d 759; *Giles v. State*, (1974) 162 Ind.App. 639, 320 N.E.2d 806. In light of this principle and all of the evidence adduced at trial, we will not disturb the jury's finding that appellant committed the burglary in question.

Finding no reversible error, we affirm the judgment of the trial court.

All Justices concur.