Ernest JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1082S384.

Supreme Court of Indiana.

April 15, 1983.

David W. Lamont, Evansville, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Burglary, a Class B felony. He was sentenced to eighteen (18) years. Having found aggravating circumstances to exist, the trial court enhanced the presumptive ten (10) year term by eight (8) years.

The record reveals appellant, his co-defendant Jones and one Harris drove to a home in Evansville. Harris, at appellant's direction, knocked on the door to see if anyone was at home. With tools taken from the car, appellant and Jones pried open the door of the home and ransacked it. Police, responding to a burglary report, found appellant and Jones hiding in the residence. Two watches and a pair of scissors belonging to the home owners were retrieved from appellant. He had a hunting knife in his possession. A pry bar and a knife were found behind a couch.

■ Appellant claims he was denied a fair trial due to a prejudicial racial imbalance in the jury. Appellant, a black man, alleges the jury was not comprised of a fair cross section of the population of Vanderburgh County. According to appellant, the population of the county is approximately ten per cent black while the jury selected contained no black members.

In *Adams v. State,* (1982) Ind., 431 N.E.2d 820, the appellant claimed the jury was comprised of white persons aged forty to forty-five years, thereby denying him a trial by his peers. In addressing his issue, we stated at 431 N.E.2d 821–822:

"Even if both statements were true, it would not follow that defendant was denied an impartial jury as guaranteed by the Sixth Amendment of the U.S. Constitution and Article I, Section 13 of the Constitution of Indiana, as he contends. This Court stated in *Tewell v. State,* (1976) 264 Ind. 88, 339 N.E.2d 792, 707:

'The right to an impartial jury precludes systematic and intentional exclusion of any particular class of persons, but it does not require that any particular class be represented.'

See also *Morris v. State,* (1977) 266 Ind. 473, 364 N.E.2d 132.

"Jury selection systems are required to draw prospective jurors from a fair cross-section of the community and the burden of demonstrating purposeful discrimination is on the defendant. Jurors need not be mathematically proportioned to the character of the community and there is no requirement that any particular class be represented on every jury. *Daniels v. State,* (1980) Ind., 408 N.E.2d 1244. The jury panel must represent a reasonable cross-section of the county and it must be apparent that there was no deliberate attempt to exclude certain groups from the jury selection. *Burr v. State,* (1980) Ind., 403 N.E.2d 343; *Bond v. State,* (1980) Ind. 403 N.E.2d 812."

In the case at bar, appellant has failed to prove any purposeful discrimination or deliberate attempt to exclude blacks from jury selection. His allegation that he was denied a fair trial because the jury was not mathematically proportioned to the county's racial composition is without merit.

Appellant claims the trial court erred in overruling his objections to the admission of State's exhibits 3 and 5 through 18. State's exhibit 3 was a photograph of the knife Police Officer Baggerly found along with a pry bar behind the couch in the burglarized home. Appellant alleges the exhibit was not connected to him, did not tend to prove any material fact, and that no proper foundation had been laid for its admission.

■ Evidence is relevant if it makes a desired inference more probable and is material to an issue in the case. *Armstrong v. State,* (1982) Ind., 429 N.E.2d 647. The trial court is accorded wide latitude in ruling on the relevancy of evidence. *Armstrong, supra.*

■ That the evidence inconclusively connects the defendant with the crime goes to the weight of the evidence, not admissibility. *Armstrong, supra.*

■ The knife, found with the pry bar, is relevant as being a possible weapon used in the commission of the offense. Furthermore, a proper foundation had been established. Officer Baggerly identified the knife depicted in State's exhibit 3 as the one he discovered beneath the couch. A foundation for the introduction of an item of hard physical evidence whose characteristics are capable of eyewitness identification is sufficient when a witness identifies the item and it has relevance to the issues of the case. *Parks v. State,* (1979) 270 Ind. 689, 389 N.E.2d 286.

■ Appellant claims exhibits 5 through 8 (one knife, one pair of scissors and two watches) were admitted without having been connected to him and without proper foundation. The record belies appellant's allegations. Officer Marshall testified he removed all four articles from appellant. The officer identified each item by his initials and date he scratched on it. Although appellant now claims an insufficient showing of the chain of custody of the exhibits, this argument is waived by failure to present it to the trial court. *Hernandez v. State,* (1982) Ind., 439 N.E.2d 625.

■ Appellant argues State's exhibits 9 through 18, photographs depicting scenes of the offense were improperly admitted because the police photographer was unable to state when the pictures were taken. The record demonstrates appellant's claim is without merit. Officer Greenfield testified he was called to the scene on October 14, 1981, at approximately 9:15 a.m. He took some photographs at that time and then left the scene. He returned when the residents arrived home and took more photographs. Upon examining the pictures, Officer Greenfield stated State's exhibits 9 through 18 were those taken at 9:15 a.m.

The trial court committed no error in his ruling on the admissibility of State's exhibits 3 and 5 through 18.

Appellant claims the trial court erred in refusing his tendered instruction on criminal trespass, as defined by I.C. § 35–43–2–2(a)(5) [Burns 1979 Repl.]. Appellant argues he was entitled to have the jury instructed on the lesser included offense.

The first step in determining whether this form of criminal trespass is an included offense of burglary is to examine the crimi-

nal statutes involved. *Goodpaster v. State,* (1980) Ind., 402 N.E.2d 1239. An included offense, as defined by I.C. § 35–41–1–2 [Burns 1979 Repl.], is an offense "established by proof of the same material elements or less than all material elements required to establish the commission of the offense charged." In *Goodpaster, supra,* we determined that this form of trespass was clearly not an inherently included offense of burglary.

The second step is " 'to determine if the elements of the lesser offense, by virtue of the manner and means allegedly employed in the commission of the charged crime, are alleged to have been committed.' " *Goodpaster, supra* at 1243, quoting *Roddy v. State,* (1979) Ind.App., 394 N.E.2d 1098, 1107.

The information charging appellant reads:

"... Ernest Johnson ... on or about the 4th day of October A.D., 1981, ...: did break and enter the building and structure occupied by Sharum Kyle, situated at 629 E. Powell, in the City of Evansville, County of Vanderburgh, State of Indiana, which said building and structure was the dwelling of the said Sharum Kyle, with the intent to commit a felony therein, to wit: theft, all in violation of I.C. 35–43–2–1."

As we concluded in *Goodpaster, supra,* it is obvious that the State intended to allege only burglary in the information and none of its included offenses. Again in *Goodpaster* at 1243 we stated:

"The exclusion of these criminal trespass elements as allegations in the charging instrument reflects the State's desire in this case to prosecute only for burglary, and none of its possible included offenses, and to avoid the opportunity for the jury to convict the defendant of a lesser offense in lieu of the crime charged.' "

Appellant's co-defendant testified during the trial that Harris had falsely led them to the burglarized home under the pretext that she lived in an upstairs apartment. She allegedly requested appellant's and his co-defendant's help in moving her belong-ings from the home. The co-defendant explained Harris did not have her key and she pried open the door.

■ This evidence does not support the giving of the instruction of criminal trespass. The co-defendant's testimony indicated Harris allegedly gave consent to enter and remove her articles from what she claimed to be her home. Appellant either had the requisite intent to commit burglary or he had no intent to commit any crime, including criminal trespass.

In *Jones v. State,* (1982) Ind., 438 N.E.2d 972, 976 [Burns 1979 Repl.], we noted that when I.C. § 35–41–4–3 *et seq.* was enacted, the provision authorizing a guilty verdict upon included offenses in its predecessor, I.C. § 35–1–19–1 *et seq.* [Burns 1975] was omitted. "Thus, it cannot now be said that an accused has a statutory right to an included offense instruction, without regard to the evidence." The trial court properly refused appellant's tendered instruction.

■ Appellant claims the verdict is not supported by sufficient evidence. Appellant focuses on his co-defendant's testimony. However, the evidence recited above adequately supports each element of burglary. Appellant's possession of the home owner's personal property when he was found hiding in a closet adequately supports the element of "intent to commit a felony," specifically theft. *Hernandez v. State,* (1982) Ind., 439 N.E.2d 625.

Appellant claims the enhancement of the presumptive ten (10) year sentence constitutes cruel and unusual punishment in contravention of the Indiana Constitution, Article I, Section 16. He requests we review his sentence pursuant to Indiana Appellate Review of Sentences Rule 2(1).

■ The presumptive ten (10) year sentence for a Class B felony may be enhanced up to ten (10) years for aggravating circumstances. The determination is within the trial court's discretion. I.C. § 35–50–2–5 [Burns 1979 Repl.]. When a sentence is within the statutory limits, we are not at liberty to set aside or alter the sentence

unless the record indicates there is a manifest abuse of discretion. *George v. State,* (1980) Ind., 403 N.E.2d 339.

 Appellant's prior criminal convictions were found to be aggravating circumstances for which the base sentence was enhanced. Mitigating factors are not a mandatory consideration in sentencing a criminal defendant. *Kocher v. State,* (1982) Ind., 439 N.E.2d 1344. The trial court did not err in sentencing appellant to a term within the statutory limits.

The trial court is in all things affirmed.

All Justices concur.