**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Aug 16 2012, 9:23 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEPHEN L. BURKES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1112-CR-593 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Evan S. Roberts, Judge
Cause No. 20D01-1011-FD-256

**August 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a jury trial, Stephen Burkes was convicted of Escape, a class D felony.[1] Burkes presents two issues for our review, which we consolidate and restate as: Did the trial court abuse its discretion in admitting evidence of Burkes' birth date and prior conviction?

We affirm.

On April 19, 2010, Burkes received a three-year sentence for a conviction under Cause No. 20D01-0911-FD-255. The trial court ordered that the first two years of that sentence be served in work release at Elkhart County Community Corrections. On September 27, 2010, Burkes was transitioned from the Indiana Department of Correction into a community transition program with the purpose of helping inmates re-integrate themselves into the community. The community transition program was operated through the work release facility in Goshen, Indiana. Burkes' projected release date was November 21, 2010.

On September 27, Burkes met with community transition coordinator Patricia Zilm and signed the disclosure form for Phase I and II of the Elkhart County Community Corrections Community Transition Program. During this meeting, Zilm discussed the program's policies and procedures with Burkes. Burkes also signed a community transition program contract.

Beginning on September 29, 2010, the terms of the community transition program contract signed by Burkes permitted Burkes to leave the facility every Monday, Wednesday, and Friday at 9:00 a.m. and to return by 3:00 p.m. on those days. Burkes was also required to

---

[1] Ind. Code Ann. § 35-44-3-5 (current version recodified at I.C. § 35-44.1-3-4 effective July 1, 2012) (West, Westlaw current with all 2012 legislation).

attend weekly meetings with Zilm on Tuesdays. Burkes attended meetings with Zilm on October 5 and October 12, 2010. On Wednesday, October 13, Burkes left the facility at 9:00 a.m. and did not return. Burkes failed to appear on October 19, 2010, for his weekly meeting with Zilm. Zilm had no additional contact with Burkes after their October 12 meeting. On March 21, 2011, Corporal Frank Thomas of the Elkhart City Police Department responded to a dispatch at 9:22 a.m. and encountered Burkes in the area of North Second Street in Elkhart.

On November 23, 2010, the State charged Burkes with class D felony escape. That charge alleged, in pertinent part: "on or about the 13th day of October, 2010, at the County of Elkhart, State of Indiana, one STEPHEN L. BURKES, did knowingly fail to return to lawful detention following temporary leave granted for a specific purpose or limited period. . . ." *Appellant's Appendix* at 65. At trial, Zilm testified as to Burkes' date of birth. Burkes' objection to such testimony was overruled. Burkes also objected to the admission of certified documents relating to his prior conviction on grounds that the State had not laid a proper foundation that the records were connected to him. The trial court admitted a redacted, certified copy of the sentencing order and abstract of judgment relating to Burkes' prior conviction as a self-authenticating document under Indiana Evidence Rule 902(1). On October 18, 2011, a jury found Burkes guilty of escape. On December 12, 2011, the trial court sentenced Burkes to three years imprisonment with credit for time served and ordered the sentence be served consecutive to a sentence in another case.

On appeal, Burkes argues that the trial court erred in permitting Zilm to testify as to his date of birth and in admitting the certified document relating to his prior conviction. The admission of evidence is within the sound discretion of the trial court whose decision thereon

will not be reversed absent a showing of manifest abuse of discretion resulting in the denial of a fair trial. *Johnson v. State,* 831 N.E.2d 163 (Ind. Ct. App. 2005), *trans. denied.* A decision is an abuse of discretion if it is clearly against the logic and effect of the facts and circumstances before the court. *Id.* We consider the evidence in favor of the trial court's ruling and any unrefuted evidence in the defendant's favor. *Id.*

We first address whether it was error for the trial court to permit Zilm to testify as to Burkes' date of birth. At trial, after Zilm identified Burkes and explained that she had become familiar with his date of birth through the course of her duties as his community transition coordinator, Zilm testified that Burkes' date of birth was "One of – one of the year 1953. January 19, 1953." *Transcript* at 35. Burkes objected that Zilm lacked personal knowledge to testify as to his birth date. After a short colloquy at the bench, the trial court overruled Burkes' objection, finding that the initial question was a preliminary question. The State then followed up with questions to Zilm in which she again indicated that she had become familiar with Burkes' date of birth through the course of her duties and that his date of birth was "January the 18th of 1953." *Id*. at 36. Burkes did not object to this continued line of questioning.

Burkes contends that, in addition to a lack of foundation, the State failed to establish that Zilm had personal knowledge of his date of birth and therefore, Zilm's testimony regarding his date of birth was inadmissible. Burkes maintains that such testimony permitted the State to connect Burkes to a certified document offered and admitted into evidence by the State to establish that Burkes was lawfully detained.

We need not address Burkes' claim of error because even assuming it was error to

4

allow such testimony, Burkes has not demonstrated that he was harmed. This court will not reverse convictions based on improper admission of evidence where admission of that evidence is harmless error. *Turben v. State,* 726 N.E.2d 1245 (Ind. 2000); Ind. Trial Rule 61. Evidence is harmless if there is sufficient independent evidence of guilt such that there is no substantial likelihood that the improper evidence contributed to the conviction. *Meadows v. State*, 785 N.E.2d 1112 (Ind. Ct. App. 2003), *trans. denied.*

Burkes' claim that the testimony of his date of birth was used to connect him to certified documents showing that he was lawfully detained is unavailing. State's Exhibit 1A included a certified sentencing order and abstract of judgment that were redacted and did not reference Burkes' date of birth. In fact, Burkes' date of birth was not used for any purpose, including, as Burkes claims, for connecting him to the certified record of his prior conviction. The testimony of his birth date was therefore irrelevant.

Burkes also argues that it was error to admit into evidence certified court records relating to Burkes' prior conviction because the State failed to establish that the certified records were connected to Burkes. Burkes does not dispute the authenticity of the certified documents and does not challenge the documents as being inaccurate. His point of contention is simply that the State was permitted to "ignore the Rules of Evidence" because the State did not lay a sufficient foundation connecting the documents to him. *Appellant's Brief* at 4. Burkes argument goes to the weight of the evidence, not admissibility. *See Johnson v. State*, 447 N.E.2d 1072 (Ind. 1983).

In any event, the admission of Zilm's testimony and the certified records was at most harmless error. To convict Burkes of escape, the State was required to prove that Burkes

"knowingly or intentionally fail[ed] to return to lawful detention following temporary leave granted for a specified purpose or limited period . . . ."  I.C. § 35-44-3-5.

There was substantial evidence from the State from which the jury could have concluded that Burkes was lawfully detained.  Zilm explained that individuals housed in the community corrections transition program are incarcerated and that they are transferred to the community transition program for assistance in re-integrating into society before they are actually released.  She further testified that she served as Burkes' transition coordinator and that she met with Burkes in September 2010, when he was transferred from the Department of Correction to the community transition program.  Zilm testified that Burkes' earliest possible release from incarceration was November 21, 2010.  State's Exhibit 2 is a form signed by Burkes explaining Phase I and Phase II of the community transition program and State's Exhibit 3 is a community transition program contract also signed by Burkes.  The contract specifically notes that an offender could be returned to the Department of Correction for committing a class A offense, including escape, which is defined in relevant part as "knowingly or intentionally failing to return to lawful detention following temporary leave . . . ."  *State's Exhibit 3*.  There was ample evidence from which the jury could have determined that Burkes was lawfully detained.  Therefore, any error in the admission of the challenged evidence was harmless.

Judgment affirmed.

MAY, J., and BARNES, J., concur.

6